UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD P. LANTZ,

       Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
POSTMASTER GENERAL JOHN E.
POTTER, and JIM LAMBERT,

       Defendants.
                                         /

File No.  2:05-CV-207

HON. ROBERT HOLMES BELL

## O P I N I O N

Plaintiff, Edward Lantz, alleges a violation of Title VII against Defendants United States Postal Service ("Postal Service"), Postmaster General John E. Potter ("Postmaster General") and Jim Lambert. Plaintiff's Title VII claim stems from an alleged incident on February 26, 2004. Defendants move for summary judgment on Plaintiff's claim pursuant to Federal Rule of Civil Procedure 56(b). The Postal Service and Jim Lambert argue that they are not proper defendants under Title VII as it applies to the federal government. Additionally, the Postmaster General seeks summary judgment as to Plaintiff having been an independent contractor, and therefore not covered by Title VII. Finding no genuine issue of material fact as to these two arguments, Defendants are entitled to a judgment as a matter

of law. Accordingly, for the reasons that follow, the Court grants Defendants' motion for summary judgment.

I.

On April 19, 2001 Plaintiff was awarded Highway Contract Number 498A4. The contract was effective July 1, 2001 and was to continue through June 30, 2005. The letter awarding Plaintiff the contract referred to him as a "new highway contractor." (Defs.' Br., Docket #20, Ex. 2, at 1.) Plaintiff was required to provide his own vehicle. Prior to starting the contract Plaintiff had to complete six hours of training. Plaintiff was permitted to employ other individuals to perform the contract.

On February 26, 2004 Plaintiff alleges that Lambert sexually harassed him while he was casing mail. Plaintiff filed a formal "EEO Complaint of Discrimination in the Postal Service" on May 13, 2004. (*Id*,. Ex. 3, at 1.) On December 23, 2004 the Postal Service dismissed Plaintiff's complaint because the Postal Service concluded that Plaintiff was "not a federal employee . . . ." (*Id.*, Ex. 5, at 2.) Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC"), and on January 26, 2006 the EEOC vacated the Postal Service's decision and ordered the Postal Service to supplement the record and then to reissue its decision. On February 28, 2006 the Postal Service issued its decision on remand from the EEOC and again found that Plaintiff was not an employee. In the same decision, however, the Postal Service dismissed the complaint because the instant case was pending in federal court.

On August 1, 2005 Plaintiff filed the instant case in Dickinson County Circuit Court. On August 31, 2005 the Postmaster General removed the case to this Court. Defendants filed this motion for summary judgment on June 30, 2006. On August 21, 2006, when Plaintiff had failed to respond within the twenty-eight day period provided by Local Rule 7.2(c), W.D. MICH. LCIVR 7.2(c), the Court issued an order advising Plaintiff that failure to respond within fourteen days may result in the motion being granted. (Order, Docket #23, at 1.) Plaintiff filed a response on September 5, 2006.

II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587. If Defendants carry their burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S.

3

at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally*, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

**A. Requirements of 42 U.S.C. 2000e-16(c)**

In a federal employment discrimination suit only the "head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C.A. § 2000e-16(c) (West 2003). Plaintiff claims to have suffered sexual harassment while employed by the Postal Service; thus, the only proper defendant for Plaintiff's sexual harassment claim is Postmaster General John E. Potter. *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988); *Williams-Lockhart v. West*, No. 94-CV-73804, 1994 U.S. Dist. LEXIS 19725, at *3-4 (E.D. Mich. Dec. 20, 1994). Therefore, the Postal Service and Jim Lambert are improperly named as defendants and must be dismissed. Accordingly, the United States Postal Service and Jim Lambert's motion for summary judgment is granted.

**B. Employee versus Independent Contractor Distinction**

The Postmaster General argues that there is no genuine issue of material fact as to Plaintiff having been an independent contractor. If Plaintiff was an independent contractor, he would not be able to bring a claim under Title VII because Title VII protects employees,

not independent contractors. *Christopher v. Stouder Memorial Hosp.*, 936 F.2d 870, 877 (6th Cir. 1991); *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 613 (6th Cir. 1987). The common law agency test is used to determine whether an individual is an employee or an independent contractor. *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499-500 (6th Cir. 2004). The common law agency test requires consideration of: (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required by the hired party; (3) the duration of the relationship between the parties; (4) the hiring party's right to assign additional projects; (5) the hired party's discretion over when and how to work; (6) the method of payment; (7) the hired party's role in hiring and paying assistants; (8) whether the work is part of the hiring party's regular business; (9) the hired party's employee benefits; and (10) tax treatment of the hired party's compensation. *Id.*; *see also Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992). "The determination of employment status is a mixed question of law and fact. Normally, a judge will be able to make this determination as a matter of law." *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992).

   **1. The Hiring Party's Right to Control the Manner and Means**

   Plaintiff was to provide both the automobile and the automobile insurance necessary to perform under the contract. (Defs.' Br., Ex. 2, at 1; Saxton Decl., Docket #22, at ¶ 7.) This is indicative of an independent contractor relationship. *See, e.g.*, *Trs. of the Resilient Floor Decorators Ins. Fund v. A & M Installations, Inc.*, 395 F.3d 244, 250 (6th Cir. 2005)

5

(discussing an individual's use of his own tools as being indicative of an independent contractor relationship). Plaintiff directs the Court to the fact that a postal inspector could ride along on his route to review his performance and that he was subject to performance evaluations. (Lantz Aff., Docket #30, at ¶¶ 5-7.) Plaintiff, however, does not allege any specific limits on the manner or means of how he performed his route. These after-the-fact review processes described by Plaintiff are more consistent with an independent contractor relationship. *See Shah*, 355 F.3d at 500 (finding procedures under which compliance with policies is reviewed after-the-fact consistent with an independent contractor relationship). This factor weighs in favor of Plaintiff having been an independent contractor.

### 2. The Skill Required by the Hired Party

The Postmaster General has not offered any evidence that Plaintiff's job required the skills of a trade, profession or prior experience. The documents related to Plaintiff's bid for the contract do not reveal any consideration of prior postal or related experience. (Defs.' Br., Ex. 2.) Plaintiff was required to complete six hours of "formal training in box delivery procedures." (*Id.*, Ex. 2, at 1.) Additionally, the Postal Service trained Plaintiff on the use of its scanning and box sorting equipment. (Lantz Aff. ¶ 5.) This factor weighs in favor of Plaintiff having been an employee.

### 3. The Duration of the Relationship Between the Parties

In evaluating the duration of the relationship, the Court is not concerned with the length of the relationship, but rather, when hired whether the relationship was one of a long-

term, at-will employee or one to complete a particular task in a specified time-frame. *Trs. of the Mich. Reg'l Council of Carpenters Employee Benefits Fund v. Fox Bros. Co.*, No. 05-CV-70262, 2005 WL 3579173, at *4 (E.D. Mich. Dec. 27, 2005); *Holliday v. Vacationland Fed. Credit Union*, No. 3:03-CV-7493, 2004 WL 903902, at *3 (S.D. Ohio Apr. 5, 2004). Plaintiff was "awarded Highway Contract Number 498A4 from Felch, MI - Holmes Res (N.O.), WI effective July 1, 2001 through June 30, 2005." (Defs.' Br., Ex. 2, at 1.) These terms evidence both a particular task and a specified time-frame. Thus, this factor weighs in favor of Plaintiff having been an independent contractor.

**4. The Hiring Party's Right to Assign Additional Projects**

The Plaintiff does not allege he was ever assigned any tasks beyond those originally encompassed by Highway Contract Number 498A4. The documents submitted as part of this motion are silent as to the right of the Postal Service to assign additional tasks to the Plaintiff. (Defs.' Br., Exs. 2, 5-8; Berumen Decl., Docket #21, at ¶ 4; Saxton Decl. ¶¶ 6-7.) In the absence of any evidence indicating that there was, or could have been an assignment of additional projects, this factor weighs in favor of Plaintiff having been an independent contractor.

**5. The Hired Party's Discretion Over When and How to Work**

The Postal Service did control how Plaintiff completed his route by not permitting him to start the route before 9:00 a.m. (Lantz Aff. ¶ 2.) Plaintiff also describes in limited detail certain tasks he was required to complete, but these tasks represent what Plaintiff was

required to do, not when and how he was to complete those tasks. (*Id.* ¶¶ 4-5.) Directing Plaintiff on how to interact with customers and how to handle mail if no box was available is not indicative of whether Plaintiff was an employee or an independent contractor because the Postal Service had an "a legitimate interest in monitoring the quality of the work . . . ." *Fox Bros.*, 2005 WL 3579173, at *6. Thus, the Postal Service's control was "'not the type of control that establishes an employer/employee relationship.'" *Weary v. Cochran*, 377 F.3d 522, 526 (6th Cir. 2004) (quoting *Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 306 (10th Cir. 1992)). Plaintiff has not indicated that the Postal Service had day-to-day control over how he operated his highway contract route, so this factor weighs in favor of Plaintiff having been an independent contractor.

**6. The Method of Payment**

Plaintiff was compensated based on a fixed annual rate and he was paid every twenty-eight days. (Defs.' Br., Ex. 2, at 2-3, Ex. 8, at 2; Saxton Decl. ¶¶ 6-7.) The amount of the fixed annual rate was based on the "Highway Transportation Contract - Cost Worksheet" that Plaintiff submitted as part of his bid for the contract. (Defs.' Br., Ex. 2, at 6.) Plaintiff's compensation could be consistent with Plaintiff having received a yearly salary as an employee. The itemized detail on the "Cost Worksheet," however, is more consistent with Plaintiff having been an independent contractor. Plaintiff's "Cost Worksheet" separates out Plaintiff's "Total Operational Labor Cost." (*Id.*) Plaintiff's fixed annual rate also includes his: "Operational Cost," "General Overhead Cost" (including insurance), and "Fuel." (*Id.*)

The inclusion of compensation for expenses other than labor in Plaintiff's annual compensation without separately itemizing that compensation is inconsistent with Plaintiff having been an employee.

### 7. The Hired Party's Role in Hiring and Paying Assistants

There is no dispute that Plaintiff was permitted to either personally perform under the contract or to hire employees to perform under the contract. (Defs.' Br., Ex. 2, at 1.) This weighs in favor of finding Plaintiff to have been an independent contractor.

### 8. Whether the Work is Part of the Hiring Party's Regular Business

The delivery of mail is part of the regular business of the Postal Service, so this factor weighs in favor of Plaintiff having been an employee.

### 9. The Hired Party's Employee Benefits

There is no dispute that Plaintiff did not receive any employee benefits. (Defs.' Br., Ex. 8, at 2; Saxton Decl. ¶ 6.) This weighs in favor of finding Plaintiff to have been an independent contractor.

### 10. The Tax Treatment of the Hired Party's Compensation

For tax purposes, Plaintiff was treated as an independent contractor. The Postal Service did not withhold taxes from the money paid to Plaintiff. (Defs.' Br., Ex. 8, at 2; Saxton Decl. ¶ 6.) The Postal Service did not make payments to Social Security on behalf of Plaintiff. (Defs.' Br., Ex. 8, at 2.) This weighs against an employment relationship.

**11. Conclusions Regarding Employee versus Independent Contractor Distinction**

Having reviewed the relationship between Plaintiff and the Postal Service, the Court concludes that as a matter of law Plaintiff was an independent contractor. Of the ten factors, only two support an employer/employee relationship: the skill required by the hired party and the work having been part of the hiring party's regular business. The other eight factors weigh heavily in favor of Plaintiff having been an independent contractor. *See Weary*, 377 F.3d at 528 ("While at least two factors weigh in favor of characterizing Weary as an employee – i.e., the duration of the relationship and the fact that Weary's work was a regular part of the hiring party's business – those factors do not offset the overwhelming evidence that compels the opposite conclusion." (footnote omitted)).

As Plaintiff was not an employee of the Postal Service, he cannot bring a claim against the Postal Service under Title VII. *Christopher*, 936 F.2d at 877; *Falls*, 834 F.2d at 613. Accordingly, the Postmaster General's motion for summary judgment is granted.

IV.

For the reasons set forth above, the Court grants Defendants' motion for summary judgment. An order will be entered consistent with this opinion.


Date:   October 5, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE